IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60150
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY EARL KEYS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
(USDC No. 3:95-CV-38-S)
- - - - - - - - - -
September 19, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bobby Earl Keys, prisoner # 03344-043, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Keys asserts as grounds for relief the limitation of defense counsel's summation, the Government's cross-examination of his alibi defense, the violation of his speedy-trial rights, the suggestiveness of the pretrial identification procedure, the admission of "mugshots," the admission of false testimony, and the denial of his right to

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

counsel during the Government's pretrial investigation.

Keys may not obtain relief under § 2255 on his summation and post-arrest-silence issues because he raised these issues on direct appeal.  United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).  Keys has not shown prejudice resulting from the continuance of the trial date.  United States v. Garcia, 995 F.2d 556, 560 (5th Cir. 1993). Keys's conclusional allegations regarding the pretrial and in-court identification procedures are insufficient to raise a constitutional issue, and he has failed to show that the procedures were "impermissibly suggestive" or led to a "substantial likelihood of misidentification."  Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Herrera v. Collins, 904 F.2d 944, 946 (5th Cir.), cert. denied, 498 U.S. 925 (1990).

Keys failed to demonstrate that the admission of "mugshots" influenced the jury's verdict.  United States v. Torres-Flores, 827 F.2d 1031, 1035-39 (5th Cir. 1987).  Keys failed to demonstrate that Agent Lorrain's testimony was false and that the Government knew of the falsity.  Blackmon v. Scott, 22 F.3d 560, 565 (5th Cir.), cert. denied, 115 S. Ct. 671 (1994).  A defendant has no right to counsel at "photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification."  United States v. Ash, 413 U.S. 300, 321 (1973). Keys abandoned his argument that witness Ivy presented perjured

2

testimony as well as his <u>Brady</u>,[1] and Jenck's Act claims.  <u>Evans v. City of Marlin, Tex.</u>, 986 F.2d 104, 106 n.1 (5th Cir. 1993).

Keys's motions for permission to supplement the record with additional evidence and for the appointment of an expert at government expense are DENIED.

Keys has failed to demonstrate that he is entitled to relief under § 2255.  Accordingly, the decision of the district court denying § 2255 relief and dismissing his motion is AFFIRMED.

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).